UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES WALSH

  v.            CASE NO. 3:11CV1206(SRU)(WIG)

DR. MARK BUCHANAN, ET AL.

**RULING ON PENDING MOTIONS**

    Pending before the court is the plaintiff's motion for injunctive relief and motion for appointment of counsel.   For the reasons set forth below, the motions are denied.

**I.   Motion for Injunctive Relief [Doc. No. 58]**

    The plaintiff claims that he suffers from a large wound on his forearm caused by imbedded metallic foreign objects.  The plaintiff alleges that the wound has become infected and is painful and has caused him emotional distress.  He claims that the defendants have failed to properly treat the infected wound.  He further alleges that his mental illness has been ignored and caused him to embed the metal objects in his arm.  The plaintiff also contends that the defendants have stopped his pain and mental health medications.  The plaintiff seeks treatment for his infected arm, his mental health conditions, and the pain that he has experienced.

    At the time the plaintiff filed this motion, he was incarcerated at Garner Correctional Institution ("Garner").  He is now incarcerated at Osborn Correctional Institution ("Osborn").

    On October 22, 2012, Magistrate Judge Garfinkel held a telephone conference with counsel for the defendants and the plaintiff.  At the time of the conference, the court had not received the defendants' supplemental response to the motion for injunctive relief.  Thus, the court

ordered the defendants to file a response.  The response was received later that day and docketed on October 23, 2012.

The defendants noted that the plaintiff had been transferred to Osborn Correctional Institution on October 12, 2012, and had been examined by medical personnel upon his arrival at Osborn.  The nursing staff referred the plaintiff to a physician to evaluate the closed scar on the plaintiff's left forearm and to a psychiatrist to evaluate and review his mental health treatment and mental health medications.  The plaintiff's medical records reflected that the plaintiff had been prescribed medications for both mental health conditions and pain.

In reply to the defendants' supplemental response, the plaintiff alleges that on October 23, 2012, a correctional officer and lieutenant at Osborn observed foreign bodies protruding through the plaintiff's arm.  Correctional officials escorted the plaintiff to the medical department for treatment. Dr. Wright evaluated the plaintiff's condition and immediately arranged to have the plaintiff transported to a hospital emergency room for removal of the foreign objects and treatment of the infection and pain in his arm.  The emergency room staff removed the foreign objects and prescribed antibiotics and pain medication.  The plaintiff was also evaluated by a psychiatrist who prescribed the plaintiff anxiety medication.

The plaintiff claims that he is now being treated at Osborn by Psychiatrist Ted Lawlor. The plaintiff contends that Dr. Lawlor is not effectively treating his mental health conditions.  He also claims that the nurses at Osborn refuse to refer him to a physician to treat his debilitating pain.

Although a showing that irreparable injury will be suffered if a preliminary injunction is not granted is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition that must be demonstrated.  *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).  To demonstrate irreparable harm, a

2

plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases.  *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003).  Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995).  In this case, the court finds that oral testimony and argument is not necessary.

The plaintiff is now incarcerated at Osborn.  The alleged failure to provide proper medical and mental health treatment occurred at Garner.  In addition, the plaintiff has informed the court that in late October 2012, Dr. Wright evaluated his complaints of objects protruding from his arm and sent him to a hospital for surgical removal of those objects.  At the hospital, the plaintiff received antibiotics, pain medication, as well as mental health medication and treatment.

The court concludes that the plaintiff's claims for injunctive relief relating to his conditions of confinement at Garner are now moot.  *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976) (inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be

given or is no longer needed").  However, the plaintiff's claim for money damages stemming from the same allegedly unconstitutional conditions survives.  *Mawhinney*, 542 F.2d at 2.

In addition, to the extent that the plaintiff seeks injunctive relief from a psychiatrist and nurses at Osborn, the court cannot enjoin their actions.  The court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her.  *See In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction ... is binding only upon the parties to the action ...").  Because the nurses and physicians and mental health personnel at Osborn are not defendants, the court lacks jurisdiction to enjoin their conduct.

Absent any allegations of irreparable and immediate injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief.  Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief.  *See Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered").  Accordingly, for all the reasons set forth above, the motion seeking injunctive relief is denied.

## II.        Motion for Appointment of Counsel [Doc. No. 79]

The plaintiff is seeking an appointment of *pro bono* counsel in this action.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff states that he contacted multiple attorneys seeking legal representation and attaches letters dated in 2011 from two of the attorneys declining to represent him in this matter and one attorney who asked the plaintiff to forward him a copy of the complaint to review.  The plaintiff does not indicate whether he ever forwarded a copy of the complaint to the third attorney.

The court concludes that the three documented attempts, including one incomplete attempt to find counsel, are insufficient to demonstrate to the court that plaintiff cannot obtain legal assistance on his own.  Furthermore, the plaintiff does not indicate that he attempted to contact the Inmates' Legal Assistance Program with regard to any questions he might have about litigating this case.  The attorneys and paralegals at Inmates' Legal Assistance are available to answer questions about discovery issues, research legal issues, and draft motions and memoranda for prisoners.  The plaintiff may contact the Inmates' Legal Assistance Program by mail at P.O. Box 260237, Hartford, CT 06126 and by telephone at 1-800-301-4527.  The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.

**CONCLUSION**

The Motion for Injunctive Relief [**Doc. No. 58**] is **DENIED** without prejudice as moot.  The plaintiff's Renewed Motion for Appointment of Counsel [**Doc. No. 79**] is **DENIED** without

prejudice to refiling at a later stage of litigation.  Any renewal of this motion shall be accompanied by a summary of any further attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts, and the reasons why assistance was unavailable.

SO ORDERED this ___11th__ day of ___January___, 2013, at Bridgeport, Connecticut.


____/s/ *William I. Garfinkel*_____
WILLIAM I. GARFINKEL
United States Magistrate Judge