UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES WALSH

    v.                                                                     CASE NO.   3:11CV1206(SRU)

DR. MARK BUCHANAN, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court are the plaintiff's motions for extension of time to conduct discovery, for appointment of counsel, for reconsideration, for injunctive relief and to process motions in original format. For the reasons set forth below, the motions are denied.

**I.**     **Motion to Process Motions in Original Format [Doc. No. 105]**

The plaintiff states that after the court granted him leave to file an amended complaint on August 29, 2013, he filed a motion for extension of time to conduct further discovery in connection with the filing of an amended complaint, a motion for injunctive relief and a motion to conduct expedited discovery to supplement his motion for injunctive relief. The defendants filed an objection to his motion for extension of time to conduct discovery to amend the complaint.

The plaintiff claims that he has written multiple letters and motions regarding information that has been disclosed to him via verbal communications from unknown devices by government agencies. He contends that legal documents filed with and electronically docketed in the case have been tampered with by unknown individuals. The plaintiff seeks an order that the Clerk accept his motions for manual docketing. He would rather not have the Clerk scan in his motions and docket them electronically.

The plaintiff's allegations of document tampering are speculative and unsupported. The plaintiff has not identified any documents that were altered in any way or documents that he mailed to the court, but were not received or accurately docketed in the case. The motion requesting an order that his motions be accepted for filing and docketing in paper form only is denied for lack of good cause shown.

## II.  Motion for Reconsideration [Doc. No. 104]

On November 14, 2013, the court denied the plaintiff's motion for preliminary injunction and injunctive relief and motion for extension of time to conduct expedited discovery in connection with the motion seeking injunctive relief.  *See* Order, Doc. No. 102.  In concluding that the motions should be denied, Magistrate Judge Garfinkel reviewed the allegations in the motions as well as the plaintiff's letter regarding privacy concerns and determined that there was no support for the plaintiff's vague and conclusory allegations about conditions of confinement at Osborn Correctional Institution.

The plaintiff seeks reconsideration of that ruling.  He states that he has new facts about events that have occurred at Osborn.

The standard governing motions for reconsideration is strict and reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Any new evidence must be "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012).  A motion for reconsideration may not be used to relitigate an issue the court has already decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp.

2d 87, 91-92 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007).

The plaintiff has pointed to no information or facts that the court overlooked in denying his motions for injunctive relief and for expedited discovery. Instead, he simply states that he has new information in support of his request for injunctive relief and has filed an amended motion for preliminary injunction. The fact that the plaintiff disagrees with the prior ruling is not a basis for overturning it. *See Shrader*, 70 F.3d at 257 (court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided"). The motion for reconsideration is denied. The court will consider the plaintiff's new allegations regarding conditions at Osborn in deciding the plaintiff's amended motion for injunctive relief.

### III.     Amended Motion for Injunctive Relief [Doc. No. 106]

The plaintiff claims that his current conditions of confinement at Osborn are unconstitutional and violate federal criminal and civil laws and statutes. He alleges that agents from two separate agencies are in possession of evidence and have disclosed information relating to national security. The plaintiff also alleges that Psychiatrist Ted Lawlor has treated him during his confinement at Osborn. The plaintiff claims that Dr. Lawlor changed his mental health medications based on false information supplied to him by unidentified sources. He contends that the change in medication has affected his stability and ability to pursue legal matters.

In addition to the allegations in the amended motion for injunctive relief, the plaintiff also asserts new allegations in the motion for reconsideration of the ruling denying his prior motion for injunctive relief. The plaintiff claims that he recently discovered that

3

government/medical officials at the University of Connecticut Health Center ("UCONN") had subjected him to unauthorized surgical procedures, including brain surgery in order to implant recording devices in his ears.  The plaintiff alleges that he has suffered from ear bleeds, rapid growth, rapid weight loss, multiple heart beats and other symptoms.  He states that he can provide evidence of the surgical procedures and his symptoms.  *See* Mot. Recon., Doc. No. 104, at 2-3.

The plaintiff requests that the court hold a private hearing in order to consider witness testimony.  He seeks relief under Title VII of the Omnibus Crime Control and Safe Streets Act of 1986 and the Wire Tap Act.

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated.  *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F. 3d 110, 118 (2d Cir. 2009).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases.  *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003).  Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7

James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995). In this case, oral testimony and argument are not necessary.

The plaintiff continues to be confined at Osborn. The allegations relating to unauthorized surgical procedures to implant listening devices in his ears and changes in mental health medication are not related to the allegations in the Complaint. The Complaint includes allegations regarding incidents that occurred from April to July 2011 at Garner Correctional Institution in connection with the extraction of pieces of metal that the plaintiff had imbedded in his left arm. During this time period, the defendants named in the Complaint, Drs. Castro, Wright, Pillai and O'Halloran, as well as Nurses Miller and Post, were employed at Garner Correctional Institution, and Dr. Buchanan was the Director of Medical Services for Correctional Managed Health Care. It would be inappropriate for the court to grant requests for injunctive relief that are unrelated to the claims and defendants in the Complaint. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.").

In addition, to the extent that the plaintiff seeks injunctive relief from a psychiatrist at Osborn, surgeons at UCONN or other governmental agency officials, the court cannot enjoin their actions. The court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her. *See In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d

ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction ... is binding only upon the parties to the action . . . ."). Because the psychiatrist at Osborn is not a defendant, the court lacks jurisdiction to enjoin his conduct.

Absent any allegations of irreparable and immediate injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief. *See Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered"). Accordingly, for all the reasons set forth above, the amended motion seeking preliminary injunctive relief and a temporary restraining order is denied. To the extent that the plaintiff also seeks injunctive relief in his motion for reconsideration, that request for injunctive relief is denied for the same reasons.

**IV.     Motion for Extension of Time to Conduct Discovery [Doc. No. 94]**

On August 29, 2013, the court granted the plaintiff leave to file an amended complaint to clarify the claims in the Complaint and add new allegations about mental health and medical treatment by correctional officials. To date, the plaintiff has not filed an amended complaint.

The plaintiff seeks an extension of time to conduct discovery in connection with his filing of an amended complaint. The defendants have filed an objection to the plaintiff's motion. They contend that they have provided the plaintiff with a complete copy of his medical file. In addition, the plaintiff was served with various exhibits in support of the defendants' motion for summary judgment. Thus, the plaintiff has information relating to his medical and

mental health treatment by Department of Correction officials.  The plaintiff has not identified any documents or information that he might uncover that would be related to allegations he would assert in an amended complaint, if the court permitted him to conduct additional discovery.  The motion for extension of time to conduct additional discovery is denied for lack of good cause shown.

V.      **Motion for Appointment of Counsel [Doc. No. 97]**

The plaintiff has renewed his request seeking an appointment of *pro bono* counsel in this action.  He claims that special circumstances warrant the appointment of counsel to assist him in amended his Complaint.  In its prior ruling denying plaintiff's motion for appointment of counsel, the court concluded that three documented attempts, including one incomplete attempt to find counsel were insufficient to demonstrate to the court that plaintiff could not obtain legal assistance on his own.  *See* Rul. Pending Mots., Doc. No. 82 at 5.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff states that he needs to conduct discovery in order to file an amended complaint and that information concerning his medical/mental health conditions is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").  He claims that he would need an attorney to access this information.  In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45

C.F.R. §§ 160 and 164.  Thus, HIPPA does not prevent the plaintiff from accessing his own medical records.  Furthermore, as indicated above, the defendants have provided the plaintiff with a copy of his medical file.

The plaintiff does not indicate that he made any further attempts to find counsel to represent him in this action.  The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.

## CONCLUSION

The Motion to Process Motions in Original Format **[Doc. No. 105]** and the Motion for Extension of Time to Conduct Discovery **[Doc. No. 94]**  are **DENIED** for lack of good cause shown.  The Amended Motion for Preliminary Injunction and for Temporary Restraining Order **[Doc. No. 106]** and Motion for Reconsideration **[Doc. No. 104]** of the Ruling denying the prior motion for injunctive relief and motion for extension of time to conduct expedited discovery are **DENIED**.  The plaintiff's Renewed Motion for Appointment of Counsel [**Doc. No. 97**] is **DENIED** without prejudice to refiling at a later stage of litigation.  Any renewal of this motion shall be accompanied by a summary of any further attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts and the reasons why assistance was unavailable.

**Because the plaintiff proceeds** *pro se* **and in the interests of justice, the court will permit him one more extension of time of thirty days to file an amended complaint.  The plaintiff is cautioned, however, that any amended complaint may only include allegations regarding the claims that were asserted in the Complaint regarding mental health or medical treatment at Garner in connection with his insertion and swallowing of metal**

objects from May 2011 to November 2011.  On November 9, 2011, the plaintiff informed the court that prison officials transferred him to MacDougall-Correctional Institution earlier that month.  *See* **Doc. No. 19.  Thus, the claims in the amended complaint should not include any allegations related to the plaintiff's treatment after he was transferred from Garner in November 2011.  No further extensions of time to file an amended complaint will be entertained by the court.**

If the plaintiff does not file the amended complaint within the time specified, the case will proceed only as to the allegations in the Complaint.

SO ORDERED this 11th day of August 2014, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE